**IT IS ORDERED as set forth below:**

**Date: June 20, 2023**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: <br><br> Medcross Imaging, LLC, <br><br> Debtor. | CASE NO. 20-61522-BEM <br><br><br> CHAPTER 7 |
| Jason L. Pettie, Chapter 7 Trustee for the Estate of Medcross Imaging, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Medcross Imaging, LLC, et al., <br><br> Defendants. | <br><br><br><br><br> ADVERSARY PROCEEDING NO. 22-05013-BEM |

## ORDER

This matter is before the Court on Plaintiff's *Motion to Reopen Discovery,* filed on May 29, 2023 (the "Motion"). [Doc. 72]. Defendants Honey Creek Diagnostics, LP ("Honey

Creek") and Pankesh Kadam ("Kadam") filed responses in opposition to the Motion. [Docs. 73, 74].

**I. Procedural History**

This adversary proceeding commenced on January 20, 2022, when Plaintiff filed his complaint seeking to avoid alleged fraudulent transfers and unauthorized post-petition transfers by Defendants. [Doc. 1]. Despite Plaintiff's failure to file a certificate of service of the summons and complaint, Defendants Honey Creek, Kadam, Amscan Radiology and Imaging Solutions, Inc. ("Amscan Radiology"), APS Services, Inc. ("APS"), and FTC Capital Partners, LLC ("FTC Capital") filed answers on February 21, 2022. [Docs. 4, 5, 6]. Additionally, on February 21, 2022, Defendant Alka Patel ("Patel") filed a motion to dismiss or for summary judgment [Doc. 7], and APS and FTC Capital filed a motion for summary judgment. [Doc. 8].

On March 8, 2022, Plaintiff filed an *Amended Complaint* [Doc. 17] and a motion to defer consideration or deny the pending motions to dismiss and for summary judgment. [Doc. 19]. However, because there was no evidence of service of the original complaint and summons as required by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule" or "Rule") 7004, the Court entered an order on March 14, 2022, (the "March 14 Order") granting Plaintiff's motion to defer consideration of FTC Capital and APS's summary judgment motion, granting Plaintiff leave to file the amended complaint and requiring Plaintiff to obtain an alias summons, perfect service of the amended complaint and file certification thereof. The Court further directed Patel to file an answer to the amended complaint within the time required by the applicable Bankruptcy Rules and provided for Plaintiff to serve limited discovery on FTC Capital and APS for the purpose of identifying post-petition transfers. The March 14 Order further stated that the timelines in the Bankruptcy Rules and the Local Rules for the Bankruptcy Court for the Northern District of

2

Georgia (the "BLRs") would govern discovery and the filing of dispositive motions related to the amended complaint. [Doc. 26].

Kadam, Amscan Radiology, Honey Creek, Patel, APS, and FTC Capital filed answers to Plaintiff's amended complaint on March 28, 2022. [Docs. 32, 33, 34]. As a result of the filing of the answers and pursuant to the Court's March 14 Order and B.L.R. 7016(a)(2), (b)(2), discovery was set to commence on April 18, 2022, and conclude on July 18, 2022. Debtor-Defendant MedCross Imaging, LLC ("MedCross") did not file an answer or other response to the original complaint or the amended complaint.

Plaintiff then filed a *Motion for Dismissal without Prejudice* ("Plaintiff's First Motion to Dismiss") of Plaintiff's claims against APS, FTC Capital, and Patel on May 9, 2022. [Doc. 37]. Defendants APS, FTC Capital, and Patel responded to Plaintiff's First Motion to Dismiss seeking dismissal of all claims against them with prejudice or in the alternative dismissal conditioned upon payment to them of their legal fees and expenses. [Doc. 40]. APS, FTC Capital, and Patel reasoned dismissal with prejudice was proper under Fed. R. Civ. P. 41(a)(2) because the Trustee had no factual basis for his claims in violation of Bankruptcy Rule 9011. [Id.]; s*ee* Fed. R. Bankr. P. 7041. Plaintiff replied to APS, FTC Capital, and Patel's response asserting that the Defendants had not shown that dismissal with prejudice was justified. [Doc. 41]. The Court granted Plaintiff's motion to dismiss to the extent that it sought to dismiss APS, FTC Capital, and Patel on July 21, 2022; however, due to Plaintiff's lack of diligence in prosecuting the case, namely that no motion to compel or any other action was taken to obtain the documents that could substantiate Plaintiff's claims against the Defendants, the Defendants were dismissed with prejudice. [Docs. 40, 45].

On August 2, 2022, Plaintiff served discovery on Honey Creek, MedCross, and Amscan Radiology. [Docs. 47-49]. Thereafter, this proceeding remained stagnant without any action by Plaintiff until the Court, sua sponte, ordered a status conference to be held on January 10, 2023. [Doc. 55]. At the status conference, Plaintiff made an oral motion to reopen discovery to which Honey Creek objected and that was denied by the Court. [Doc. 57]; *see* B.L.R. 9003-2. In the Court's January 17, 2023, order the parties were directed to file dispositive motions within 30 days and to file a joint pre-trial order within the later of 45 days of the entry of the order or 15 days after the Court ruled on any dispositive motions. [Id.]. No dispositive motions or pre-trial order were filed within the deadlines established in the order. As a result, the Court entered an order directing the parties to meet and confer and to submit a consolidated pre-trial order within 21 days. [Doc. 59].

On March 27, 2023, Counsel for Plaintiff uploaded a proposed pre-trial order to the Court's e-orders system that was signed off by Counsel for Plaintiff, Counsel for Honey Creek, and Counsel for Amscan Radiology. The Court did not sign the proposed pre-trial order because it (i) sought to allow Plaintiff to request documents for production at trial, (ii) was not in the form required by B.L.R. 7016-2, (iii) contained argument as to counts of the amended complaint against defendants that had been dismissed, (iv) did not contain stipulated facts many of which were apparent from the amended complaint and Answers, and (v) was not joined by Kadam. Thus, the Court scheduled a pre-trial conference for May 9, 2023, to discuss the proposed order. [Doc. 63]. Meanwhile, Amscan Radiology filed a *Motion to Dismiss Amended Adversary and Motion for Judgment on the Pleadings* ("Amscan Radiology's Motion to Dismiss") [Doc. 62], which was then followed by Plaintiff's *Motion for Dismissal Without Prejudice* of Plaintiff's claims against Amscan Radiology. [Doc. 65].

4

After the May 9, 2023, pre-trial conference, the Court entered an order requiring, (i) Plaintiff's counsel to determine what documents he still needed from Defendants, (ii) the parties to amend the proposed pre-trial order to comply with the BLRs, (iii) the parties to discuss the remaining issues to be tried and how they could be streamlined, and (iv) the pre-trial conference be continued to May 18, 2023. [Doc. 66]. After the May 18, 2023, conference, the Court entered a further order setting deadlines for filing motions to reopen discovery and for Defendants to submit to Plaintiff's Counsel changes for a proposed pre-trial order. [Doc. 69]. The Court also entered an order granting Plaintiff's motion to dismiss Amscan Radiology without prejudice and denied Amscan Radiology's Motion to Dismiss as moot. [Doc. 68]. Thus, the remaining Defendants are MedCross, Honey Creek, and Kadam (the "Remaining Defendants").

**II. Relief Requested and Arguments of the Parties**

Plaintiff filed the Motion within the time established in the Court's May 22, 2023, order and now seeks to reopen discovery and extend the time for Plaintiff to "discover documents necessary for trial." [Doc. 72, ¶ 16]. In accordance with the BLRs and the March 14 Order the timeline for the discovery period and filing dispositive motions was established by B.L.R. 7016-1. Because the parties did not submit a Rule 26(f) report and scheduling order, the parties were deemed to have agreed to waive the initial disclosures otherwise required by Fed. R. Civ. P. 26(a)(1), and the standard discovery provisions of the Federal Rules of Civil Procedure and the BLRs applied. Thus, this proceeding is governed by B.L.R. 7016-1(b)(2) which states:

> (A) Discovery will commence on the last day of the time specified in paragraph (a)(1) of this rule;
> (B) Motions to join other parties or to amend the pleadings must be filed within thirty days of the beginning of discovery;
> (C) Discovery must be completed within ninety days of commencement as set forth in 2 (A) above, unless the Bankruptcy Court orders otherwise in accordance with BLR 7026-2; and
> (D) BLR 7026-2(c) applies with regard to expert witnesses.

5

> This schedule will not be modified except upon a showing of good cause and by leave of the Bankruptcy Court.

While B.L.R 7016-1(a)(1) states:

> Within twenty-one days after the later of (i) the appearance of the first defendant by answer or motion (excluding any motion challenging personal jurisdiction or adequacy of service of process, or any motion, or other documents seeking to extend the time to answer or otherwise respond); (ii) the resolution of a motion provided for in the preceding parenthetical; or (iii) the removal of a proceeding to the Bankruptcy Court, all unrepresented parties and counsel for all represented parties must confer as required by, and for the purposes of, Rule 26(f) of the Federal Rules of Civil Procedure and discuss scheduling matters as set forth in Rule 16(b) of the Federal Rules of Civil Procedure.

On March 28, 2022, three Answers were filed and no motions or pleadings relevant to B.L.R 7016-1(a)(1)(ii) and (iii) were filed. Thus, discovery commenced 21 days after March 28, 2022, on April 18, 2022, and closed ninety days later on July 18, 2022, pursuant to B.L.R 7016-1(a)(2)(C).

Although Plaintiff filed the Motion nearly 10 months after the close of discovery and only at the Court's direction, Plaintiff asserts that he has good cause to reopen discovery because he diligently pursued the Court's orders and acted in good faith in following the applicable procedures but was unable to complete discovery within the discovery period. Plaintiff asserts that he served discovery on Defendants Patel, FTC Capital, and APS on March 28, 2022, as allowed by the Court's order deferring consideration of a motion for summary judgment [Doc. 26] but did not serve discovery on the Remaining Defendants because of his mistaken belief that "it had to wait until after the 26(f) conference, which is required to be held within 21 days after the filing of the answer, to serve discovery." [Doc. 72-1, pg. 8]. Plaintiff notes that he repeatedly tried to contact the Defendants to schedule a Rule 26(f) conference but had no reply. Plaintiff further asserts that he was unable to serve discovery on the Remaining Defendants because Kadam filed for chapter

13 bankruptcy on July 5, 2022, which imposed an automatic stay, and thus "Plaintiff was not allowed to conduct any discovery after July 5, 2022, due to the automatic stay imposed on any proceeding." [Doc. 72-1 pg. 10]. Plaintiff argues further that by the time Kadam's bankruptcy proceeding was dismissed on November 8, 2022, the discovery period had closed leaving him unable to serve discovery requests. Notwithstanding the discovery period having closed, Plaintiff served his First Interrogatories and Request to Produce Documents to Defendants MedCross, Honey Creek, and Amscan Radiology on August 2, 2022. Plaintiff contends none of the Defendants responded to the discovery requests. Ultimately, Plaintiff claims that his failure to obtain discovery necessary for trial constitutes good cause to reopen discovery because Plaintiff diligently followed the procedural requirements but was hampered by his failure "to understand the local rules related to 26(f) conferences, the automatic stay, and the non-cooperation of the remaining defendants[.]" [Doc. 72-1, pg. 11].

Next, Plaintiff asserts that his failure to complete discovery within the discovery period was a result of excusable neglect. Under the test for excusable neglect set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993), Plaintiff contends first that the Remaining Defendants would suffer no additional costs or injury to their legal rights by reopening discovery because the documents and disclosures requested now by Plaintiff are the ordinary discovery documents that would have already been produced during the allotted discovery period. Second, Plaintiff admits that he had "some control over the delay that has been caused" [Doc. 72-1, pg. 17] but states that his delay in serving discovery was due to procedural barriers that made it difficult to conduct discovery including Patel, FTC Capital, and APS filing motions for summary judgment on the same day as their answer, his incorrect belief that he had to wait until after the 26(f) conference to serve

7

discovery, and the automatic stay in effect in Kadam's bankruptcy case. Lastly, Plaintiff asserts that he acted in good faith throughout the case which is exhibited by his efforts relating to Plaintiff's First Motion to Dismiss, reaching out to the Defendants to set up a Rule 26(f) conference, and waiting until Kadam's bankruptcy proceeding had closed to make an oral motion to reopen discovery.

In response, Honey Creek and Kadam argue that Plaintiff has not shown good cause or excusable neglect, and the Motion should be denied. [Docs. 73,74]. Kadam notes that Plaintiff failed to serve discovery requests on MedCross, Honey Creek, and Kadam until August 2, 2022, after the discovery period had closed. Kadam argues that Plaintiff's attempt to blame its failure to pursue discovery on Kadam's personal bankruptcy case displays lack of good faith and diligence because the stay did not affect any Defendant other than Kadam. Further, if Plaintiff had wanted to pursue discovery pertaining to Kadam, Plaintiff could have filed a motion for relief from stay in Kadam's case.

Kadam and Honey Creek both argue that Plaintiff has not established good cause because Plaintiff failed to file a motion to extend discovery during the discovery period or a motion to reopen until nearly 10 months after the discovery period expired displaying a lack of diligence. Lastly, Kadam asserts that Plaintiff cannot show excusable neglect given that an unreasonable misinterpretation of the Bankruptcy Rules and BLRs does not constitute excusable neglect.

**III. Discussion**

Under B.L.R. 7016-1(b), the schedule for discovery "will not be modified except upon a showing of good cause and by leave of the Bankruptcy Court." Under B.L.R. 7026-2(b), a motion to extend the time for discovery "must be filed prior to the expiration of the original or previously extended discovery period." Under Fed. R. Bankr. P. 9006(b), a bankruptcy court may

8

enlarge the specified time period for an act to be completed "for cause shown" in its discretion "(2) on motion made after the expiration of the specified period … where the failure to act was the result of excusable neglect." Thus, for the Court to reopen discovery, Plaintiff must show both good cause and excusable neglect. For the reasons discussed below, the Court finds Plaintiff has failed to show either good cause or excusable neglect and the Motion will be denied.

### A. Good Cause

To constitute good cause to reopen discovery, "the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (*citing Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)). Motions to extend discovery deadlines "are treated with special disfavor if filed after the discovery completion date." *Tiya v. State Farm Fire & Cas. Co.*, No. 1:14-CV-01314-RGV, 2014 WL 12069849, at *1 (N.D. Ga. Nov. 20, 2014) (*quoting Pushko v. Klebener*, No. 3:05-cv-211-J-25HTS, 2007 WL 2671263, at *1 (M.D. Fla. Sept. 7, 2007)). "If a party was not diligent, the (good cause) inquiry should end." *Id.* (*quoting Great N. Ins. Co. v. Ruiz*, No. CV408-194, 2010 WL 3074340, at *2 (S.D. Ga. Aug. 4, 2010)).

Here, Plaintiff asserts that he has good cause to reopen discovery "because [Plaintiff] is attempting to obtain the documents necessary for trial that Plaintiff was unable to obtain during the original discovery period." [Doc. 72-1, pg. 11]. However, it appears Plaintiff misunderstands the standard for establishing good cause as Plaintiff has not shown diligence in pursuing discovery during the 90-day discovery period in this proceeding.

The discovery period began on April 18, 2022, and closed on July 18, 2022. During that time, Plaintiff did not propound discovery on the Remaining Defendants. Plaintiff states that the automatic stay in effect in Kadam's bankruptcy case, which was filed on July 5, 2022, was the

9

primary reason for his failure to pursue discovery. Given that (i) the automatic stay in Kadam's bankruptcy case only applied to Kadam himself, (ii) Plaintiff failed to pursue a motion for relief from stay in that case, and (iii) Plaintiff failed to file a notice of the bankruptcy in this proceeding, this is an inadequate basis to establish good cause. Further and importantly, B.L.R. 7026-2(a) requires that "[d]iscovery must be initiated sufficiently early in the discovery period to permit the filing of answers and responses thereto within the time limitations of the existing discovery period." Because parties generally have 30 days to respond to requests for discovery, Fed. R. Bankr. P. 7033; Fed. R. Civ. P. 33(b)(2); Fed. R. Bankr P. 7034; Fed. R, Civ. P. 34(b)(2), any discovery Plaintiff sought from the Remaining Defendants should have been served prior to Kadam's July 5, 2022, chapter 13 filing to give Defendants the full time to respond before the discovery period ended on July 18, 2022.

        Plaintiff's only attempt at propounding discovery on the Remaining Defendants occurred on August 2, 2022, with his First Interrogatories and Request to Produce Documents; this was after discovery closed and while Kadam's bankruptcy case was pending. [Doc. 72-1, pg. 17]. Although Plaintiff did propound discovery requests on Defendants Patel, FTC Capital, and APS on March 15, 2022, this was done in accordance with the Court's March 14 Order and in response to pending motions for summary judgment. [Doc. 26]. To the extent Plaintiff contends Defendants' failure to participate in a Rule 26(f) conference or uncertainty about the date discovery commenced constitutes good cause, the Court disagrees because Plaintiff made no effort to seek relief from the Court on either issue. Ultimately, because Plaintiff has failed to display diligence in pursuing discovery, the good cause inquiry should end. *Tiya*, 2014 WL 12069849, at *1. In conclusion, Plaintiff has failed to establish good cause to reopen discovery because Plaintiff was not diligent in pursuing discovery during the 90-day discovery period established by the BLRs.

### B. Excusable Neglect

The Supreme Court has established a four-factor test for determining whether a party has shown excusable neglect under Bankruptcy Rule 9006(b)(1): "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). The *Pioneer* factors apply to motions to reopen discovery. *See EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813 (11th Cir. 2017).

In applying *Pioneer*, the Eleventh Circuit has said that "the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration[.]" *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). However, "the *Pioneer* and *Cheney* decisions do not alter the fact that a determination of excusable neglect is an equitable one that necessarily involves consideration" of all the factors. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003). As such, it is a flexible standard that takes "into account all the relevant circumstances" and is not a mechanical test. *Fisher Island Ltd. v. Fisher Island Inv., Inc.*, 518 F. App'x 663, 666 n.1 (11th Cir. 2013); *Advanced Estimating Sys. Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir. 1996).

When considering the reason for the delay, excusable neglect "may include, when appropriate, late filings caused by inadvertence, mistake, or carelessness under certain circumstances." *Locke v. SunTrust Bank*, 484 F.3d 1343, 1346 (11th Cir. 2007) (*citing Advanced Estimating Sys.*, 77 F.3d at 1324). However, mistakes of law by an attorney do not constitute excusable neglect. *Advanced Estimating Sys.,* 130 F.3d at 998; *Cordell v. Pacific Indem. Co.*, 335 F. App'x 956, 960 (11th Cir. 2009). Further, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Advanced Estimating Sys.*, 130

11

F. 3d at 998 (*quoting Pioneer*, 507 U.S. at 392, 113 S. Ct. at 1496). Additionally, when considering the good faith factor, the Eleventh Circuit assesses "whether the movant intentionally sought advantage by untimely filing." *Yang v. Bullock Fin. Grp., Inc.*, 435 F. App'x 842, 844 (2011) (*citing Cheney,* 71 F.3d at 850).

Although Plaintiff has failed to establish good cause as required by Bankruptcy Rule 9006(b)(1) to reopen discovery, the Court will still consider whether Plaintiff has shown excusable neglect. Plaintiff asserts that his failure to complete discovery under the original timeline was a result of excusable neglect, mainly resulting from "procedural barriers." [Doc. 72-1, pg. 15]. Plaintiff claims that he was not primarily responsible for the failure to complete discovery in a timely manner, that he acted in good faith, that reopening discovery would not prejudice the Remaining Defendants, and that reopening discovery would not cause significant delay. However, the Court disagrees as Plaintiff's proposed "procedural barriers" were instead a misunderstanding of the Bankruptcy Rules and the BLRs, which does not constitute excusable neglect. *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1255 (11th Cir. 2007) (district court did not abuse its discretion by refusing to find excusable neglect because "counsel's misunderstanding of the law cannot constitute excusable neglect").

Applying the *Pioneer* factors, the Court finds Plaintiff's failure to timely complete discovery within the originally allotted time was not a result of excusable neglect. First, the Court assesses the risk of prejudice to the Remaining Defendants, giving greater weight to this factor. Defendants Honey Creek and Kadam argue that they would be prejudiced if the Motion were granted because discovery closed nearly 10 months ago during which Plaintiff could have filed a motion to extend discovery. Thus, they would be subjected to further delay and would incur additional litigation costs. Plaintiff had the opportunity to conduct discovery from April 18, 2022,

12

to July 18, 2022, but waited until August 2, 2022, to propound its first discovery requests on the Remaining Defendants; this was after the discovery period had ended. [Doc. 72-1, pg. 17]. Plaintiff is seeking only to request "the same documents that the Plaintiff would have requested if discovery had commenced after a 26(f) conference" [Doc. 72-1, pg. 13] yet failed to properly seek during the discovery period. Plaintiff's mistaken understanding of B.L.R 7016-1 does not justify Plaintiff's failure to conduct discovery. Thus, this factor weighs against Plaintiff.

Second, the Court assesses the length of the delay and its potential impact on the proceedings, giving greater weight to this factor. Here, the length of delay was nearly 10 months after the close of discovery. Plaintiff waited until the Court ordered a status conference in the case to make an oral motion to reopen discovery on January 17, 2023, which was denied by the Court. *See* B.L.R. 9003-2. Plaintiff could have filed a motion to extend discovery during the discovery period or anytime in the past 10 months but failed to do so. Allowing Plaintiff to pursue discovery after a pre-trial conference has already been held and the matter has been pending for more than a year and half, in which discovery was only propounded in response to motions for summary judgment and as provided for in the Court's March 14 Order, makes the potential impact on the proceedings significant. The Remaining Defendants would be required to expend time and incur legal fees at this late date for actions that should have been taken months ago and at a time when the proceeding should be ready for trial. On the other hand, the Court is cognizant that Plaintiff's inability to discover documents will likely affect Plaintiff's ability to prosecute the proceeding at trial. While this balance is a close call, the Court concludes that this factor weighs in favor of Plaintiff as the Remaining Defendants could anticipate that discovery would be necessary and anticipate the time and cost associated therewith while Plaintiff's delay and potential inability to conduct discovery likely will affect Plaintiff's ability to prosecute this case.

13

Third, the Court assesses the reason for the delay and whether the delay was within the reasonable control of the moving party. First, Plaintiff asserts that the initial reason for the delay was his inability to conduct a Rule 26(f) conference with the Defendants due to a lack of productive communication with them. However, this reasoning displays Plaintiff's misunderstanding of B.L.R 7016-1, which Plaintiff admitted in his Memorandum of Law when he stated "this was because the Plaintiff incorrectly believed that it had to wait until after the 26(f) conference" to conduct discovery. [Doc. 72-1, pg. 16]. As noted above, because no Rule 26(f) conference occurred and there was no proposed scheduling order submitted, the parties' discovery schedule was set by B.L.R. 7016-1. As a result, discovery commenced 21 days after March 28, 2022, and closed ninety days later. B.L.R 7016-1(a)(2)(C). Next, Plaintiff blames Kadam's bankruptcy filing for causing a delay in propounding discovery on the Remaining Defendants. This is an unpersuasive argument because the automatic stay only applied to Kadam, and Plaintiff could have served discovery on Honey Creek and MedCross. Plaintiff also could have filed a motion for relief from stay in Kadam's case to pursue discovery. Further, and importantly, this ground is unpersuasive because Kadam's case was filed only 13 days before the close of discovery such that Plaintiff could have propounded discovery on the Remaining Defendants at any time before then and indeed, could not have timely served discovery at the point at which Kadam filed his personal bankruptcy as provided in B.L.R. 7026-2(a). Ultimately, the delay was within Plaintiff's control, and this factor weighs against Plaintiff.

Lastly, the Court assesses whether the movant acted in good faith by determining whether Plaintiff intentionally sought advantage by untimely filing. Here, Kadam argues that Plaintiff fails to meet the good faith requirement because of Plaintiff's decision to file the Motion after "315 days have passed since the close of discovery." [Doc. 74, pg. 5]. However, the Court

14

does not find that the lateness of the filing is indicative of bad faith. There is no indication that Plaintiff intentionally filed his Motion late to seek an advantage, and as a result Plaintiff acted in good faith. Thus, this factor weighs in favor of Plaintiff.

In weighing these factors and all of the circumstances in this proceeding, with greater weight accorded to the first and second factors of risk of prejudice to the Remaining Defendants and efficient judicial administration, the Court finds that Plaintiff has not shown that the failure to complete discovery on time was a result of excusable neglect. The Court does not relish a case where Plaintiff's dilatory actions may cause an inability to be effective at trial. However, Plaintiff plainly failed to know and failed to follow the Bankruptcy Rules and the BLRs even after the Court directed corrective action early in the proceeding such that the ultimate balance weighs against Plaintiff. Therefore, based on the circumstances described in the Motion and because Plaintiff has failed to establish both good cause and excusable neglect, the Motion will be denied pursuant to Bankruptcy Rule 9006(b)(1). Accordingly, it is

ORDERED that Plaintiff's Motion to Reopen Discovery is DENIED.

**END OF ORDER**

**Distribution List**

Jason L. Pettie
Law Office of Jason L. Pettie, PC
P.O. Box 17936
Atlanta, GA 30316

Roy Amit Banerjee
KPPB LAW
One Lakeside Commons, Suite 800
990 Hammond Drive, NE
Atlanta, GA 30328

Gai Lynn McCarthy
Kumar, Prabhu, Patel & Banerjee
Suite 800, One Lakeside Commons
990 Hammond Drive
Atlanta, GA 30328

David Sarkan
One Lakeside Commons
Suite 800
990 Hammond Drive, N.E.
Atlanta, GA 30328

Medcross Imaging, LLC
4375 Johns Creek Parkway
Ste. 300
Johns Creek, GA 30024

Pankesh Kadam
2609 Crest Valley Drive
Conyers, GA 30094

Honey Creek Diagnostics, LP
c/o Pankesh Kadam, Reg. Agent
2609 Crest Valley Drive
Conyers, GA 30094

Mathew A. Schuh, P.C.
Suite 1350, Two Midtown Plaza
1349 West Peachtree Street, NW
Atlanta, GA 30309

Amscan Radiology
c/o Pankesh Kadam, Registered Agent

2609 Crest Valley Drive
Conyers, GA 30094

David C. Whitridge
Whitridge Law, LLC
5207 Shirley Road
Gainesville, GA 30506

ALL PARTIES AND CREDITORS.

16